IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL L. HUMPHREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-117 |
| | ) | |
| CHEATAM, P.A.; CAIN, P.A.; | ) | |
| MILLS, P.A.; MENDOZA, Dr.; | ) | |
| and, ALSTON, Dr., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-captioned case on July 18, 2016, and because he was proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 3.) The Court explained Plaintiff is responsible for serving each defendant and explained how service could be accomplished. (Id. at 1-2.) The Court specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had ninety days from the date of the Court's August 25th Order to accomplish service and failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 2 & n. 2.) Now, the ninety days allowed for service have elapsed, and Plaintiff has provided no evidence of service on any of the defendants.

Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warranting an extension of time. Henderson v. United States, 517 U.S. 654,

662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process and why this case should not be dismissed without prejudice for failure to timely effect service. The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 28th day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA