IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL L. HUMPHREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-117 |
| | ) | |
| CHEATAM, P.A.; CAIN, P.A.; | ) | |
| MILLS, P.A.; MENDOZA, Dr.; | ) | |
| and, ALSTON, Dr., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**
_____

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case *pro se* and has paid the $400.00 filing fee. On August 25, 2016, the Court provided Plaintiff with instructions regarding his case, including instructions on how to serve Defendants. (Doc. no. 3, pp. 1-2.) When Plaintiff provided no proof of service within the ninety days allowed for service, the Court ordered Plaintiff to explain the reason or reasons for the delay and why the case should not be dismissed. (Doc. no. 4.) Plaintiff responded by providing the Court with U.S. mail return receipts for each Defendant. (Doc. no. 5.) The Court informed Plaintiff those receipts do not constitute adequate service of process, and if Defendants did not return waivers of service by mail, Plaintiff was responsible for arranging personal service. (Doc. no. 6.) In response, Plaintiff noted the difficulties of arranging for personal service while incarcerated and requested the United States Marshal effect service on Defendants. (Doc. no. 7.)

Because Plaintiff is not proceeding *in forma pauperis*, he is not entitled to ordered service of process by the United States Marshal Service. See 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c). However, "even when a plaintiff pre-pays the entire filing fee, the district court has the discretion to order the U.S. Marshals to effect service." Shaw v. Hall, No. 5:12-CV-0135-CAR-MSH, 2013 WL 5571235, at *13 (M.D. Ga. Oct. 9, 2013); see also Fed. R. Civ. P. 4(c) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."). In exercising its discretion, the Court should consider whether Plaintiff "has exhausted other reasonable means of effecting service." Grant v. Romero, No. CV 112–107, 2013 WL 1743881 at * 1 (S.D.Ga. April 23, 2013).

Here, Plaintiff, in good faith, made reasonable efforts to effect service. Plaintiff sent summons and waiver of service forms to each Defendant by certified mail, yet received no response. (Doc. no. 7, p. 1; doc. no. 5.) Plaintiff suffers great difficulty coordinating personal service while incarcerated at ASMP. Requiring Plaintiff to personally serve the Defendants will likely cause further delay and unnecessarily prolong this case.

Accordingly, in the interest of judicial efficiency and for good cause shown, the Court **ORDERS** the United States Marshal to serve Defendants in this case. The Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request the defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). As noted in the Court's August 25th Order (doc. no. 3), individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear

the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 90 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service. The Court further **EXTENDS** the time for service until March 16, 2017, to give the Marshals ample time to serve

SO ORDERED this 16th day of December, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA