IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL L. HUMPHREY,        )
                                  )
         Plaintiff,        )
                                  )
    v.                      )       CV 116-117
                                  )
CHEATAM, P.A.; CAIN, P.A.;     )
MILLS, P.A.; MENDOZA, Dr.;     )
and, ALSTON, Dr.,             )
                                  )
        Defendants.     )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

*Pro se* Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events occurring at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to stay discovery (doc. no. 21) be **DENIED AS MOOT**, Defendants' motion to dismiss (doc. no. 20) be **GRANTED,** and Defendants Alston, Mendoza, and Cain be **DISMISSED** from this case.

## I.  BACKGROUND

In his complaint, Plaintiff names as Defendants (1) Cheatam, P.A., (2) Cain, P.A., (3) Mills, P.A., (4) Mendoza, Dr., and (5) Alston, Dr.  (Doc. no. 1, pp. 1, 4.)  Taking all of Plaintiff's factual allegations as true, the facts are as follows.

On March 2, 2015, Plaintiff wrote to the medical department at ASMP about pain in his back and legs.  (Id. at 5.)  Plaintiff also expressed a need for a walker or a wheelchair.  (Id.)

Defendant P.A. Cheatam refused Plaintiff's request for a walker or wheelchair, and instead referred him to the pain clinic.  (Id.)  Plaintiff went to the pain clinic twice before P.A. Cain told him he was no longer welcome there.  (Id.)

On June 17, 2015, Plaintiff again wrote to medical complaining about his legs and repeated falls.  (Id.)  P.A. Cain saw Plaintiff and told him he needed to exercise more.  (Id.)  Plaintiff filed a grievance regarding this visit on June 23, 2015.  (Id.)  Plaintiff wrote medical again on July 7, 2015, and Defendant P.A. Mills told Plaintiff he would be seen by a neurologist on August 13, 2015.  (Id.)  Plaintiff saw P.A. Mills again on August 25, 2015 about swelling in his left elbow, and P.A. Mills told him to ask the pod officer for Tylenol.  (Id. at 6-7.)

On October 17, 2015, and December 5, 2015, Plaintiff again complained to medical about not being issued a walker or wheelchair and requested an increase in medication.  (Id. at 7.)  Defendant P.A. Cheatam denied both requests, telling Plaintiff to stretch his feet to help with the pain.  (Id.)

Finally, on January 13, 2016, and January 22, 2016, P.A. Cain saw Plaintiff for his extreme pain.  (Id.)  Plaintiff again asked for an increase in medication, which P.A. Cain told him she could not do without approval from Defendant Dr. Mendoza.  (Id.)  Plaintiff was told he would see Dr. Mendoza on April 21, 2016, but was never given an appointment.  Plaintiff filed suit in this Court on July 18, 2016.  (Id. at 1.)

On February 28, 2017, Defendants Alston, Mendoza, and Cain filed this motion to dismiss all claims, arguing Defendants Alston and Mendoza have no supervisory liability and Defendant Cain was not deliberately indifferent to Plaintiff's medical needs.  (Doc. no. 20.)  Plaintiff argues in response that the Defendants' delay and denial of his medical treatment

constitute deliberate indifference.  (Doc. no. 25.)

## II.   DISCUSSION

### A.   Legal Standard for Dismissal.

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S.

519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.      Plaintiff Fails to State a Claim Against Defendants Alston and Mendoza.**

Plaintiff alleges "P.A. Cain stated she could not increase my medication that Dr. Mendoza had to" and "I was seen by P.A. Cain who stated that my medication could only be changed by Dr. Mendoza . . . ."  (Id. at 7.)   These are Plaintiff's only mentions of Dr. Mendoza in the statement of his claim, and he never mentions Dr. Alston beyond the caption. (Id. at 1, 7.)

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v.  P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).  Because Plaintiff never mentions Dr. Alston in his statement of claim, the claim against Dr. Alston is ripe for dismissal.

Moreover, Plaintiff does not explain how Drs. Alston and Mendoza are responsible for the actions of the prison officials who denied him medical treatment.  Plaintiff thus fails to state a claim for relief against Drs. Alston and Mendoza.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution by person acting under color of state law); Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866-67 (11th Cir.

4

2008) (rejecting claim against prison where plaintiff failed to allege decision making officials took specific actions amounting to constitutional violation).

Finally, Plaintiff fails to state a claim against either Dr. Alston or Dr. Mendoza because he is attempting to hold them liable merely because of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Drs. Alston and Mendoza liable, Plaintiff must demonstrate either (1) Defendants actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendants' actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

5

As noted above, Plaintiff never mentions Dr. Alston in the body of the complaint, much less allege he actually participated in the violation. (Doc. no. 1, p. 1.) Furthermore, Plaintiff's only two mentions of Dr. Mendoza are "P.A. Cain stated she could not increase my medication that Dr. Mendoza had to" and "I was seen by P.A. Cain who stated that my medication could only be changed by Dr. Mendoza . . . ." (Id. at 7.) These allegations fall far short of establishing Dr. Mendoza actually participated in any alleged constitutional violation.

Likewise, Plaintiff fails to allege a causal connection between Defendants Alston and Mendoza and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). A "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act

unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to draw the necessary causal connection to any alleged constitutional violation.  Indeed, Plaintiff's simple mention of Dr. Alston in the caption of his amended complaint and brief statement that P.A. Cain could not increase his medication without approval from Dr. Mendoza fall woefully short of the specificity required to draw the requisite connection to sustain a claim for supervisory liability.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants Alston and Mendoza, and they should be dismissed from this case.

### C.    Plaintiff Fails to State a Claim for Deliberate Indifference Against Defendant Cain.

Plaintiff also fails to state a viable Eighth Amendment claim for deliberate indifference against Defendant Cain.  To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that:  (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)).

7

To satisfy the subjective component, Plaintiff must allege that a defendant:   (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence."  Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).   The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good."  Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."   Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.   Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.   In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).   Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.  Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Plaintiff claims P.A. Cain no longer allowed him to go to the pain clinic, told him he needed to exercise more, and refused to increase his medication in response to his extreme pain.  (See doc. no. 1, pp. 6-7.)  However, Plaintiff fails to allege that additional treatment at the pain clinic and increased medications were necessary to treat his knee pain and walking problems.  Indeed, P.A. Cain suggested that more exercise could help Plaintiff's condition, yet there is no allegation that Plaintiff ever attempted to follow this course of treatment.  (See id. at 6.)  Moreover, P.A. Cain treated Plaintiff, presumably at the pain clinic, only months after she allegedly banned him from it.  Plaintiff alleges no facts indicating P.A. Cain's decision to discontinue his treatment by the pain clinic and refusal to increase his medication was medically unreasonable or unsound.  Because these claims only show a disagreement with the prescribed treatment, they cannot form the basis for a deliberate indifference claim. Smith, 375 F. App'x at 910.  Thus, Plaintiff fails to state a claim for relief against Defendant Cain, and she should be dismissed from this case.

### D.    Defendants' Motion to Stay Discovery Is Moot.

Defendants Alston, Mendoza, and Cain have also filed a motion to stay discovery pending the Court's ruling on their motion to dismiss.  (Doc. no. 21.)  Because the Court is granting their motion to dismiss, Defendants' motion to stay discovery is **MOOT**.  However, the Court notes that Defendant Cheatam has separately answered Plaintiff's complaint, and the Court issued a scheduling notice setting the close of discovery on July 7, 2017.  (See doc. nos. 11, 12.) Nothing in this Report and Recommendation affects the ongoing discovery period or scheduling deadlines as they pertain to Defendant Cheatam.

### III.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' motion to stay discovery (doc. no. 21) be **DENIED AS MOOT**, Defendants' motion to dismiss (doc. no. 20) be **GRANTED,** and Defendants Alston, Mendoza, and Cain be **DISMISSED** from this case.

SO REPORTED AND RECOMMENDED this 21st day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA