IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL L. HUMPHREY,     )
          )
     Plaintiff,     )
          )
     v.     )     CV 116-117
          )
CHEATAM, P.A.,     )
          )
     Defendant.     )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

*Pro se* Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events occurring at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motions for judgment on the pleadings be **GRANTED** (doc. nos. 30, 48) and Defendant Cheatam **DISMISSED** from this case.  As no Defendants or claims remain, the Court further **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action **CLOSED**.

I.     **BACKGROUND**

In his complaint, Plaintiff names as Defendants (1) Cheatam, P.A., (2) Cain, P.A., (3) Mills, P.A., (4) Mendoza, Dr., and (5) Alston, Dr.  (Doc. no. 1, pp. 1, 4.)  Taking all of Plaintiff's factual allegations as true, the facts are as follows.

On March 2, 2015, Plaintiff wrote to the medical department at ASMP about pain in his back and legs.  (Id. at 5.)  Plaintiff also expressed a need for a walker or a wheelchair.  (Id.)

Defendant P.A. Cheatam refused Plaintiff's request for a walker or wheelchair, and instead referred him to the pain clinic. (Id.) Plaintiff went to the pain clinic twice before P.A. Cain told him he was no longer welcome there. (Id.)

On June 17, 2015, Plaintiff again wrote to medical complaining about his legs and repeated falls. (Id.) P.A. Cain saw Plaintiff and told him he needed to exercise more. (Id.) Plaintiff filed a grievance regarding this visit on June 23, 2015. (Id.) Plaintiff wrote medical again on July 7, 2015, and Defendant P.A. Mills told Plaintiff he would be seen by a neurologist on August 13, 2015. (Id.) Plaintiff saw P.A. Mills again on August 25, 2015 about swelling in his left elbow, and P.A. Mills told him to ask the pod officer for Tylenol. (Id. at 6-7.)

On October 17, 2015, and December 5, 2015, Plaintiff again complained to medical about not being issued a walker or wheelchair and requested an increase in medication. (Id. at 7.) Defendant P.A. Cheatam denied both requests, telling Plaintiff to stretch his feet to help with the pain. (Id.)

Finally, on January 13, 2016, and January 22, 2016, P.A. Cain saw Plaintiff for his extreme pain. (Id.) Plaintiff again asked for an increase in medication, which P.A. Cain told him she could not do without approval from Defendant Dr. Mendoza. (Id.) Plaintiff was told he would see Dr. Mendoza on April 21, 2016, but was never given an appointment. Plaintiff filed suit in this Court on July 18, 2016. (Id. at 1.)

On February 28, 2017, Defendants Alston, Mendoza, and Cain filed a motion to dismiss all claims against them, which the Court granted. (Doc. nos. 20, 27, 32.) The Court also dismissed all claims against Defendant Mills for failure to timely effect service. (Doc. nos. 38, 44.) Defendant Cheatam, the only remaining Defendant, filed the present motion for

judgment on the pleadings on April 10, 2017, and renewed his motion on July 3, 2017.  (Doc. nos. 30, 48.)

## II.     DISCUSSION

### A.     Legal Standard for Dismissal.

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation omitted).  As a motion for judgment on the pleadings under 12(c) and a motion to dismiss under 12(b)(6) are almost identical in form and relief, courts apply the same legal standard in assessing both motions.  See Mobile Telecommunications Techs., LLC v. United Parcel Serv., Inc., 173 F. Supp. 3d 1324, 1327 (N.D. Ga. 2016) ("The legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6).") (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).

Under the Rule 12(b)(6) standard, the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits.  Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a)

of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.   A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).   In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.     Plaintiff Fails to State a Claim for Deliberate Indifference Against Defendant Cheatam.**

Plaintiff fails to state a viable Eighth Amendment claim for deliberate indifference against Defendant Cheatam.  To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that:   (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant:  (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence."  Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good."  Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.  Moreover, the Eleventh Circuit has

consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Plaintiff alleges P.A. Cheatam refused to give him a walker or a wheelchair, instead referring him to pain management, and refused to increase his pain medication, telling him instead to stretch his feet to deal with his pain.  (See doc. no. 1, pp. 5-7.)  However, Plaintiff fails to allege that a walker or wheelchair and increased medications were necessary to treat his knee pain and walking problems.  Indeed, P.A. Cheatam suggested that stretching his feet could help Plaintiff's condition, yet there is no allegation that Plaintiff ever attempted to follow this course of treatment.  (See id. at 7.)  Plaintiff conclusorily alleges he needs a wheelchair or walker and increased pain medication, but alleges no facts indicating P.A. Cheatam's decision to refuse to provide him with either was *medically* unreasonable or unsound.  Because these claims only show a disagreement with the prescribed treatment, they cannot form the basis for a deliberate indifference claim.  Smith, 375 F. App'x at 910.  Thus, Plaintiff fails to state a claim for relief against Defendant Cheatam, and he should be dismissed from this case.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motions for judgment on the pleadings be **GRANTED** (doc. nos. 30, 48) and Defendant Cheatam **DISMISSED** from this case.  As no Defendants or claims remain, the Court further **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil

action **CLOSED**.

SO REPORTED AND RECOMMENDED this 5th day of July, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7